KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
DAVID M. KOHN (SBN 246756)
MICHAEL T. LANE (SBN 248624)
mlane@lewiskohn.com
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201 San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
FUMOTO GIKEN CO. LTD.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| FUMOTO GIKEN CO. LTD., a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NORIO MITSUOKA, an individual, GLOBAL SALES GROUP CO., a Washington corporation,<br><br>Defendants. | CASE NO. 2:16-cv-5884<br><br>**COMPLAINT FOR PARTIAL BREACH OF CONTRACT AND SPECIFIC PERFORMANCE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FUMOTO GIKEN CO. LTD. ("Plaintiff" or "Fumoto"), appearing through undersigned counsel, states as follows:

1. This is an action for partial breach of contract and specific performance. Plaintiff is informed and believes and based thereon alleges that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. The matter

in controversy is between citizens of different states and/or countries. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2).

## PARTIES

2. Plaintiff is duly organized and existing under the laws of Japan, with its principal place of business at 907-01 Horiuchi, Hayama-machi Miura-gun, Kanagawa, Japan.

3. Plaintiff is informed and believes and based thereon alleges that Defendant Norio Mitsuoka (hereinafter, "Mitsuoka" or "Defendant") is a resident of Washington. On information and belief, Mitsuoka is engaged in the production, advertising and sale of manually operated metal valves.

4. Plaintiff is informed and believes and based thereon alleges that Defendant GLOBAL SALES GROUP CO. (hereinafter, "GSGC" or "Defendant") is a corporation existing under the laws of Washington with its principal place of business at 2537 152nd Ave. NE, Redmond, Washington. On information and belief, GSGC is engaged in the production, advertising and sale of manually operated metal valves.

5. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, the foregoing Defendants, and each of them, were the agents, servants, representatives and/or employees of the other foregoing Defendants, and each of them, and in doing the things herein alleged, were acting within the course and scope of such agency and/or employment.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

6. This is an action for partial breach of contract and specific performance.

7. Plaintiff is informed and believes and based thereon alleges that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. The matter in controversy is between citizens of different states and/or countries. Accordingly, this Court has subject matter jurisdiction pursuant to *28 U.S.C. §§ 1332(a)(2)*.

8. Venue is proper in this judicial district pursuant to *28 U.S.C. §§1391(b)* and *(c)* because, among other reasons: the contract at issue to which Plaintiff and Defendants are parties was negotiated and entered into in this District; Defendants' products are offered for sale and sold in this District; Defendants' own, operate and/or control interactive websites that display and promote Defendants' products and establish communication and commerce on-line with parties who are interested in Defendants' products, including parties in this District; Defendants solicit and have done business selling their goods in this District and this State and thereby purposefully availed themselves of the privilege of doing business in this State and in this District; Fumoto, through its agents in the United States and via the sales of its valve products has solicited business in this District and has goodwill among buyers and consumers in combustible engine vehicle and equipment industries (e.g., automotive, mobile and stationary equipment using such engines) in this District; and thus a substantial part of the events or omissions giving rise to the claims occurred in this District or a substantial part of property that is the subject of the action is situated in this District. The claims alleged herein arise out of or are related to the Defendants' forum-related activities and the exercise of jurisdiction herein is otherwise reasonable.

9. By this action, Fumoto seeks to stop Defendants' partial breach while maintaining and not terminating the contract, obtain specific performance pursuant to the contract and obtain compensation for the violations that have occurred.

## BACKGROUND

10. For many years, Fumoto has been and continues to be engaged in the design, manufacture, advertising and sale of its valve products in the United States.

11. Fumoto is the owner of U.S. trademark registration 4,562,267 and 4,562,280 ("Fumoto Registrations") for trade dress of the valve products.

12. In late 2014, Fumoto filed a civil action against Defendants for trademark infringement based in part on the Fumoto Registrations and other causes of action in this

District (Case No. 14cv09797 DMG MRW, hereinafter the Prior Action). On December 23, 2015, Fumoto and Defendants filed a joint motion for dismissal of the Prior Action based on a confidential settlement agreement ("Confidential Settlement Agreement") between the Fumoto and Defendants, and the court entered an order of dismissal on December 30, 2015.

## COUNT I: PARTIAL BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

13. Fumoto repeats the allegations from paragraphs 1-12 above as if fully set forth herein.

14. The Confidential Settlement Agreement is a valid written agreement supported by consideration and signed by Fumoto and Defendants. Defendants have a copy of the Confidential Settlement Agreement and are aware of its terms.

15. Fumoto performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the Confidential Settlement Agreement.

16. Fumoto is informed and believes and based thereon alleges that Defendants have partially breached the Confidential Settlement Agreement, including the terms of Section 8, including the first sentence, Section 9, including the first sentence, and Section 14, including the second sentence, thereof.

17. Fumoto will suffer and is suffering irreparable harm from Defendants' partial breach. Fumoto has no adequate remedy at law to compensate it for the loss of customers, market position and goodwill flowing from Defendants' partial breach. Fumoto is entitled to specific performance of Defendants' compliance with Sections 8, 9 and 14 of the Confidential Settlement Agreement, otherwise, Defendants and their agents will continue their wrongful conduct based on the partial breach.

18. As a result of Defendants partial breach of the Confidential Settlement Agreement, Fumoto has suffered loss, damage, and injury in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Fumoto respectfully requests that this Court enter an Order granting the following relief:

1. For judgment and damages in an amount to be proven at trial;

2. For costs of suit incurred herein;

3. An order enforcing the terms of Sections 8, 9 and 14 of the Confidential Settlement Agreement and preliminarily and permanently enjoining Defendants and their officers, directors, agents, services, suppliers, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from continuing to partially breach the Confidential Settlement Agreement and acting as a result of such partial breach to the detriment of Fumoto; and

4. Granting Fumoto such additional, other, or further relief as the Court deems proper and just.

Respectfully Submitted,

Dated: August 7, 2016          LEWIS KOHN & WALKER LLP
                                By:

                                /s/ Kent M. Walker
                                KENT M. WALKER
                                kwalker@lewiskohn.com

                                Attorneys for Plaintiff
                                FUMOTO GIKEN CO. LTD.

## DEMAND FOR JURY TRIAL

Fumoto Giken Co. Ltd. hereby demands trial by jury.

Dated: August 7, 2016         LEWIS KOHN & WALKER LLP
                              By:

                              /s/ Kent M. Walker
                              KENT M. WALKER
                              kwalker@lewiskohn.com
                              Attorney for Plaintiff
                              FUMOTO GIKEN CO. LTD.