KENT M. WALKER (SBN 173700)
kwalker@lewiskohn.com
DAVID M. KOHN (SBN 246756)
MICHAEL T. LANE (SBN 248624)
mlane@lewiskohn.com
**LEWIS KOHN & WALKER, LLP**
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

Attorneys for Plaintiff
FUMOTO GIKEN CO. LTD.

CURTIS R. TINGLEY (SBN112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
**TINGLEY LAW GROUP, PC**
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010

Attorneys for Defendants
NORIO MITSUOKA and GLOBAL SALES GROUP CO.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| FUMOTO GIKEN CO. LTD., a Japanese corporation, | CASE NO. 2:16-cv-05884-DMG-MRWx |
| Plaintiff, | |
| vs. | **[PROPOSED]** PROTECTIVE ORDER |
| NORIO MITSUOKA, an individual; GLOBAL SALES GROUP CO., a Washington corporation, | |
| Defendants. | |

1.     INTRODUCTION

1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2    GOOD CAUSE STATEMENT

This action is between direct competitors, both of whom promote and sell valves for engines in direct competition with each other.  Accordingly, the Parties submit that this action is likely to involve customer and pricing lists of both Parties in connection with their direct competition, amounts spent on marketing, strategies for marketing, research and development in connection with such competition, and other valuable research, development, commercial, financial, technical and/or proprietary information, including potentially trade secrets, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business operations, practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from

disclosure under state or federal statutes, court rules, case decisions, or common law. The disclosure of such information is likely to harm either Party's competitive position, or disclosure of which would contravene an obligation of confidentiality to another person or to a Court.  It is in the public's best interest to promote competition by keeping the trade secrets, research and develop and other confidential information secret so that each party may maintain their competitive advantage in the marketplace.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action: this pending federal law suit.

2.2      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel: Outside Counsel of Record and House Counsel (as well as their support staff, e.g., paralegals, law clerks, legal research assistants, document review assistants, document imaging assistants, secretaries, whether employees or independent contractors of Outside Counsel of Record or House Counsel).

2.6      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that would not be avoided by less restrictive means. As noted in section 1.2, this action is between direct competitors and is likely to involve confidential customer and price lists and information, as well as other financial and marketing information (and possibly trade secrets) relating to such direct competition.  The Parties submit that such information and confidential communications about such information would be extremely sensitive given the competitive relationship of the Parties.  Accordingly, disclosure of such information to another Party or Non-Party would create a substantial risk of serious harm that would not be avoided by less restrictive means than this heightened "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.    2.10    House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.13    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or

1   applications for extension of time pursuant to applicable law.

2   5.      DESIGNATING PROTECTED MATERIAL

3          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

4   Party or Non-Party that designates information or items for protection under this Order must

5   take care to limit any such designation to specific material that qualifies under the

6   appropriate standards. The Designating Party must designate for protection only those parts

7   of material, documents, items, or oral or written communications that qualify so that other

8   portions of the material, documents, items, or communications for which protection is not

9   warranted are not swept unjustifiably within the ambit of this Order.

10          Mass, indiscriminate, or routinized designations are prohibited. Designations that

11   are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

12   unnecessarily encumber the case development process or to impose unnecessary expenses

13   and burdens on other parties) may expose the Designating Party to sanctions.

14          If it comes to a Designating Party's attention that information or items that it

15   designated for protection do not qualify for protection, then that Designating Party must

16   promptly notify all other Parties that it is withdrawing the inapplicable designation.

17          5.2     Manner and Timing of Designations. Except as otherwise provided in this

18   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

19   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

20   must be clearly so designated before the material is disclosed or produced.

21          Designation in conformity with this Order requires:

22          (a) for information in documentary form (e.g., paper or electronic documents, but

23   excluding transcripts of depositions or other pretrial or trial proceedings), that the

24   Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected

26   material. If only a portion or portions of the material on a page qualifies for protection, the

27   Producing Party also must clearly identify the protected portion(s) (e.g., by making

28   appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony. Alternatively, the Designating Party may, within a reasonable time not to exceed twenty-one (21) days, after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction

of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, including support staff to said Outside Counsel of Record as defined in Section 2.4, to whom it is

1  reasonably necessary to disclose the information for this Action;

2       (b) the officers, directors, and employees (including House Counsel) of the

3  Receiving Party to whom disclosure is reasonably necessary for this Action;

4       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

5  reasonably necessary for this Action and who have signed the "Acknowledgment and

6  Agreement to Be Bound" (Exhibit A);

7       (d) the Court and its personnel;

8       (e) court reporters and their staff;

9       (f) professional jury or trial consultants, mock jurors, and Professional Vendors to

10  whom disclosure is reasonably necessary for this Action and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12       (g) the author or recipient of a document containing the information or a custodian

13  or other person who otherwise possessed or knew the information;

14       (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to

15  whom disclosure is reasonably necessary provided: (1) the deposing party requests that the

16  witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to

17  keep any confidential information unless they sign the "Acknowledgment and Agreement to

18  Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

19  Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

20  Protected Material may be separately bound by the court reporter and may not be disclosed

21  to anyone except as permitted under this Stipulated Protective Order; and

22       (i) any mediator or settlement officer, and their supporting personnel, mutually

23  agreed upon by any of the parties engaged in settlement discussions.

24       7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

25  <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in

26  writing by the Designating Party, a Receiving Party may disclose any information or item

27  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

28       (a) the Receiving Party's Outside Counsel of Record in this action, including

support staff to said Outside Counsel of Record as defined in Section 2.4 to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party: (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(f) while the Receiving Party only access any Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" as described above, the parties may separately agree in writing to redact Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" so that said Information may be designated as "CONFIDENTIAL" in its redacted form, to allow the Receiving Party to have information necessary for evaluating litigation strategy in this action.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the

city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the five years preceding the written request, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trail, during the five years preceding the written request.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In addition, any challenge to the disclosure of protected material to an expert must comply in full with the joint filing format described in Local Rule 37 for all discovery

1    motions (even if the motion is filed with the district judge in anticipation of trial.)

2         In any such proceeding, the Party opposing disclosure to the Expert shall bear the

3    burden of proving that the risk of harm that the disclosure would entail (under the

4    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

5    Material to its Expert.

6    8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

7            OTHER LITIGATION

8         If a Party is served with a subpoena or a court order issued in other litigation that

9    compels disclosure of any information or items designated in this Action as

10   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

11   that Party must:

12        (a) promptly notify in writing the Designating Party. Such notification shall include

13   a copy of the subpoena or court order;

14        (b) promptly notify in writing the Party who caused the subpoena or order to issue

15   in the other litigation that some or all of the material covered by the subpoena or order is

16   subject to this Protective Order. Such notification shall include a copy of this Stipulated

17   Protective Order; and

18        (c) cooperate with respect to all reasonable procedures sought to be pursued by the

19   Designating Party whose Protected Material may be affected.

20        If the Designating Party timely seeks a protective order, the Party served with the

21   subpoena or court order shall not produce any information designated in this action as

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23   before a determination by the court from which the subpoena or order issued, unless the

24   Party has obtained the Designating Party's permission. The Designating Party shall bear the

25   burden and expense of seeking protection in that court of its confidential material and

26   nothing in these provisions should be construed as authorizing or encouraging a Receiving

27   Party in this Action to disobey a lawful directive from another court.

28   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

1    IN THIS LITIGATION

2         (a) The terms of this Order are applicable to information produced by a Non-Party

3    in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection

5    with this litigation is protected by the remedies and relief provided by this Order. Nothing

6    in these provisions should be construed as prohibiting a Non-Party from seeking additional

7    protections.

8         (b) In the event that a Party is required, by a valid discovery request, to produce a

9    Non-Party's confidential information in its possession, and the Party is subject to an

10   agreement with the Non-Party not to produce the Non-Party's confidential information,

11   then the Party shall:

12        (1) promptly notify in writing the Requesting Party and the Non-Party that

13   some or all of the information requested is subject to a confidentiality agreement with a

14   Non-Party;

15        (2) promptly provide the Non-Party with a copy of the Stipulated Protective

16   Order in this Action, the relevant discovery request(s), and a reasonably specific description

17   of the information requested; and

18        (3) make the information requested available for inspection by the

19   Non-Party, if requested.

20        (c) If the Non-Party fails to seek a protective order from this Court within 14 days

21   of receiving the notice and accompanying information, the Receiving Party may produce

22   the Non-Party's confidential information responsive to the discovery request. If the

23   Non-Party timely seeks a protective order, the Receiving Party shall not produce any

24   information in its possession or control that is subject to the confidentiality agreement with

25   the Non-Party before a determination by the Court. Absent a court order to the contrary, the

26   Non-Party shall bear the burden and expense of seeking protection in this Court of its

27   Protected Material.

28   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    WILLFUL VIOLATIONS OF ORDER

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 10, 2017

LEWIS KOHN & WALKER LLP

By:
__/s Kent M. Walker_____
KENT M. WALKER
kwalker@lewiskohn.com

Attorneys for Plaintiff


DATED: March 10, 2017

TINGLEY LAW GROUP LLP

By:
____/s Stephen D. Collins_____
Attorneys for Defendants


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED:_March 10, 2017_____

_____
HON MICHAEL R. WILNER
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Central District of California on [date] in the case of

*Fumoto Giken Co. Ltd. vs. Norio Mitsuoka*, et al. 2:16-cv-05884. I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____